■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ELLIOTT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 9, 1983, convicting him of robbery in the first degree (three counts), burglary in the first degree (two counts), criminal use of a firearm in the first degree (three counts), grand larceny in the second degree (three counts), criminal possession of a weapon in the third degree (four counts) and possession of burglar's tools (one count), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgment is affirmed.

The defendant claims that the hearing court erred in failing to suppress certain statements that he made to an unknown party in the course of a telephone conversation at police

headquarters. This claim, however, is without merit. The defendant's statements were spontaneous and were neither induced, provoked nor encouraged by the actions of the police, and there is nothing in the record to indicate that the police, by subtle maneuvering or otherwise, endeavored to overhear the defendant's conversation. On the facts of this case, it cannot be said that the failure to suppress the defendant's statements was error, since neither his right to remain silent nor his right to counsel was abridged *(see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *People v Lynes,* 49 NY2d 286; *People v Borcsok,* 107 AD2d 42).

The defendant also claims that the court erred in failing to suppress the statements he made to Detective Fuller while in the holding cell. This claim, however, is likewise without merit. Detective Fuller did not say or do anything which should have been reasonably anticipated to elicit an incriminating response from the defendant *(see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Lynes, supra).* The statements were volunteered by the defendant, were clearly spontaneous, and were in no way the result of inducement, provocation, encouragement or acquiescence *(see, People v Maerling,* 46 NY2d 289).

The defendant's remaining contentions are unpreserved for appellate review and we decline to reach them in the interest of justice. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.